■ JOSEPH L. BLUEMKE, an Infant, by His Guardian ad Litem, JOSEPH J. BLUEMKE, et al., Respondents, v. DANIEL MURPHY, Appellant.— In an action to recover damages for personal injury, etc., the defendant appeals from an order of the Supreme Court, Queens County, dated April 9, 1963, which: (a) granted plaintiffs' motion to vacate defendant's notice requiring the exchange of medical information; and (b) denied defendant's cross motion to strike the action from the Trial Calendar or, in the alternative, to require plaintiffs to comply with defendant's notice. Order reversed, without costs; defendant's motion, requiring plaintiffs to exchange with the defendant medical reports of physicians who will testify at the trial, granted; and plaintiffs' motion to vacate defendant's notice requiring such exchange, denied. Plaintiffs' time to comply with defendant's notice is extended until 30 days after entry of the order hereon. Plaintiffs had refused to exchange medical information with the defendant on the ground that they (the plaintiffs) had filed their statement of readiness and note of issue several weeks before the new rule requiring the exchange of medical information went into effect; and such refusal by the plaintiffs was sustained by the Special Term. In our opinion, the interests of justice and the overwhelming policy considerations which gave rise to the new rules requiring full disclosure between the parties far outweigh whatever technical merit there may be in the plaintiffs' position. The purpose of the new rules requiring the exchange of medical information between the parties was to facilitate a fair and speedy trial. Here the trial has not yet occurred; and its conduct should not be prejudiced by the earlier fortuitous date on which plaintiffs filed their statement of readiness and note of issue. Our former rule, as set forth in earlier cases (*Yudenfreund* v. *Mortimer,* 9 A D 2d 935; *Pink* v. *Valentine,* 10 A D 2d 583; *Moskowitz* v. *Seaman,* 10 A D 2d 635), has been superseded by the rules adopted in this Department, effective March 1, 1962; by the more recent and current rules adopted in this Department, effective September 1, 1963; and by the Civil Practice Law and Rules (see *Garrett* v. *Jacobs,* 19 Misc 2d 141; *Wilkerson* v. *Haschomer Realty Corp.,* 35 Misc 2d 383). Beldock, P. J., Ughetta, Christ, Brennan and Hill, JJ., concur.